IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Alton Chisolm,                                    )
                                                  )
            Plaintiff,                            )
                                                  )        Civil Action No. 9:25-1528-BHH
v.                                                )
                                                  )
S.C. Attorney General, The State of              )        **ORDER**
South Carolina, The S.C. Dept. of                )
Corrections, The S.C.D.C. General                )
Counsel, Bryan Stirling, The S.C.D.C.            )
Director of Medical, Warden James,               )
A. W. Smith, A. W. McDuffy, Major                )
Meeks, Sgt. Crowley,Nurse Miller,                )
Warden Stonebreaker, The United                  )
States Congress, The Catholic Arch               )
Diocese and The Pope, Mr. Lawrenz,               )
The Well Path Center, The 194 Member             )
States of the United Nations, The                )
County of Richland SC, The County of             )
Kershaw, The County of Horry, Adair F.           )
Buroughs, The United States Senate,              )
                                                  )
            Defendants.                           )
_____ )

        This is a civil action filed by Plaintiff Alton Chisolm ("Plaintiff" or "Chisolm"), a pro se

litigant.  The action was originally filed by a South Carolina Department of Corrections

inmate, Lawrence L. Crawford ("Crawford"), and including two other Plaintiffs in addition

to Chisolm.  *See* Civil Action No. 9:24-cv-4660-BHH-MHC.  On March 10, 2025, however,

the undersigned issued an order finding that the joinder of the four named Plaintiffs in No.

24-4660 was improper because each Plaintiff's claim was unique to each Plaintiff and

would require individualized determinations.  Thus, the Court ordered that the claims of the

four Plaintiffs be separated into four different actions for initial review.

        On March 19, 2025, United States Magistrate Judge Molly H. Cherry issued a proper

form order, directing that this case be brought into proper form by April 9, 2025.  (ECF No. 4.) Following Judge Cherry's proper form order, however, Plaintiff filed various motions, including a motion to recuse the undersigned, motion for extension of time, motion to appoint counsel, motion to appoint Magistrate Judge, motion to recuse Judge Cherry, motion to intervene, motion to consolidate cases, motion for complex case designation, and two motions requesting various additional relief.  (ECF Nos. 7, 9, 10, 11, 16.)  In addition, Plaintiff filed a notice of appeal.  (ECF No. 12.)

After review of the various motions filed by Plaintiff, the Court finds that he is not entitled to relief.  First, the Court finds no basis to alter or amend its prior ruling separating this action from the other actions.  Accordingly, the Court denies Plaintiff's motion to consolidate.

Second, as to Plaintiff's motion to recuse the undersigned, the Court notes that under 28 U.S.C. § 455, a judge must recuse herself where the judge's impartiality "might reasonably be questioned," or where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) and (b)(1).  In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality.  *See United States v. Cherry*,1 330 F.3d 658, 665 (4th Cir. 2003).  As the Fourth Circuit has held, however, adverse "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *McClain v. Warden, Turbeville Corr. Inst.,* 805 F. App'x 221, 222 (4th Cir. 2020); *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Here, Plaintiff's request for recusal appears to be based on the undersigned's rulings, but the Court finds no occasion to

2

recuse herself because Plaintiff has failed to show "any extrajudicial source for alleged bias," *McClain*, 805 F. App'x at 222, other than adverse judicial rulings.

As to the remaining issues raised in Plaintiff's various motions, the Court finds no basis to grant any of the relief Plaintiff requests other than to stay this matter pending the Fourth Circuit's consideration of his appeal. **Accordingly, the Court hereby denies Plaintiff's motions (ECF Nos. 7, 9, 10, 11, and 16), and the Court stays this matter pending the Fourth Circuit's consideration of his appeal.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 22, 2025
Charleston, South Carolina