IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alton Chisolm,<br><br>Plaintiff,<br><br>v.<br><br>S.C. Attorney General, The State of South Carolina, The S.C. Dept. of Corrections, The S.C.D.C. General Counsel, Bryan Stirling, The S.C.D.C. Director of Medical, Warden James, A. W. Smith, A. W. McDuffy, Major Meeks, Sgt. Crowley, Nurse Miller, Warden Stonebreaker, The United States Congress, The Catholic Arch Diocese and The Pope, Mr. Lawrenz, The Well Path Center, The 194 Member States of the United Nations, The County of Richland SC, the County of Kershaw, The County of Horry, Adair F. Buroughs, The United States Senate,<br><br>Defendants. | Civil Action No. 9:25-cv-1528-BHH<br><br>**ORDER** |

Plaintiff Alton Chisolm ("Plaintiff" or "Chisolm"), proceeding *pro se*, originally filed this action along with three other plaintiffs in case number 9:24-cv-4660-BHH. On March 10, 2025, however, the Court issued an order directing the Clerk of Court to terminate Chisolm as a plaintiff in case number 9:24-cv-4660-BHH and to assign him a separate case number and file the complaint from case number 9:24-cv-4660-BHH as the complaint in Chisolm's action. (*See* ECF Nos. 1, 2.)

On May 28, 2025, Chisolm filed a notice appealing the Court's actions to the Fourth Circuit Court of Appeals, and the Court stayed this case pending appeal. (ECF Nos. 12,

18.) The Fourth Circuit dismissed the appeal on June 1, 2026, and the mandate issued on July 24, 2026. (ECF Nos. 36, 36-1.)

Following the Fourth Circuit's remand, on July 28, 2026, United States Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report") analyzing Plaintiff's motions for various relief, which were filed on August 6 and September 2, 2025. (*See* ECF No. 39 (analyzing ECF Nos. 23, 24, 27).) In her Report, the Magistrate Judge found no merit to Plaintiff's motions and recommended that the Court deny them. (ECF No. 39.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.

On August 17, 2026, Plaintiff filed a motion for an extension of time to file objections, which the Court granted, thereby extending the time for Plaintiff to file objections to September 1, 2026, and specifically warning Plaintiff that no further extensions would be granted. (ECF Nos. 41, 42.)

On August 20, 2026, Plaintiff filed another copy of the motion for an extension that was filed on August 17, 2026, and on August 25, 2026, Chisolm filed an "affidavit of facts," wherein he requests various relief, including but not limited to, his requests "to vacate the compliance order and seeking reset on timelines due to motion to recall the mandate," "to withdraw the Crawford habeas corpus petition," "to void adherence to separation order," and "to intervene due to seeking rehearing before an Article III judge." (ECF Nos. 44, 45.) Also, on August 28, 2026, Chisolm filed a motion "to stay compliance orders filed within these cases giving the district court notice of the plaintiffs['] motioning to recall the mandate and notice of these proceedings before the Article III judge under case 4:26-cv-1992-JFA-TER seeking rehearing on motion to intervene and to consolidate due to tactical fraud in

isolating the weaker plaintiffs to obtain an unconstitutional stare decisis," along with hundreds of pages of exhibits. (*See* ECF Nos. 46, 46-1 through 46-15.) On September 4, 2026, Plaintiff again filed an "affidavit of facts" requesting, *inter alia*, to set aside orders and/or reconsider orders adopting the Magistrate Judge's Reports in other civil actions. (ECF No. 47.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, giving Plaintiff the benefit of every doubt and construing his recent filings liberally as objections to the Magistrate Judge's Report, the Court finds them entirely unavailing. Indeed, after *de novo* review of the record, the Court fully agrees with the Magistrate Judge and finds that Plaintiff's motions requesting various relief, filed in August and September of 2025, are without merit for the reasons set forth by the Magistrate Judge in the Report. As the Magistrate Judge properly noted in her Report, this Court also notes

that: this case is not yet in proper form and has not been served; the Court has not made any findings of fact or conclusions of law; and there has been no trial on the merits. Furthermore, the Court notes that certain of Plaintiff's filings are not even signed by him, and he otherwise requests relief that he has not shown he is entitled to or that is simply not available to him as a matter of law. (*See* ECF Nos. 23, 24, 27.)

Additionally, with respect to Chisolm's post-Report requests to stay this matter pending rehearing in the Fourth Circuit, the Court notes that the Fourth Circuit denied the motions to rehear, motions to rehear en banc, and motions to recall the mandate on August 28, 2026, such that no stay of this matter is warranted. Likewise, to the extent Chisolm now asks the Court to reconsider its orders filed in other actions (i.e., the Court's orders adopting the Magistrate Judge's Reports in action numbers 2:24-4660-BHH-MHC and 2:25-1527-BHH-MHC), the Court notes that Chisolm lacks standing to do so, and the Court finds no basis to otherwise reconsider its orders filed in other civil actions. In all, therefore, the Court finds no merit to Chisolm's recent filings (ECF Nos. 44, 45, 46, 47).

Here, after *de novo* review, the Court agrees with the Magistrate Judge's analysis and finds no basis to grant Plaintiff's motions requesting various relief. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 39) and denies Chisolm's motions filed on August 6, 2025, and September 2, 2025 (ECF Nos. 23, 24, 27). Additionally, the Court finds Chisolm's recent affidavits and motions entirely unavailing, and the Court therefore denies all of his various requests for relief set forth in those filings (ECF Nos. 44, 45, 46, 47).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 8, 2026
Charleston, South Carolina